IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------
                               :     CIVIL ACTION No.
DONNA FERRELL                  :
           Plaintiff,          :
   vs.                         :
                               :
SEPTA                          :
           Defendant           :
```

**COMPLAINT AND JURY DEMAND**

**<u>INTRODUCTION</u>**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), and the Pennsylvania Human Relations Act, (PHRA), which prohibits discrimination on the basis of gender by employers, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination by Defendant.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  Plaintiff has exhausted her administrative remedies before bringing her Title VII and PHRA claims to Court.  On or about August 15, 2013, the EEOC issued and sent Plaintiff her right to sue letter.  See attached copy.  The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

5. Plaintiff, Donna Ferrell, is a citizen of the United States, who currently resides outside Pennsylvania.

6. Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

## IV. STATEMENT OF FACTS

7. Plaintiff was employed by Defendant as a Bus Operator on or about July 2006.

8. Plaintiff is a female African-American.

9. Plaintiff was qualified as a Bus Operator because she was consistently given satisfactory performance ratings for all the years she was employed with Defendant with no prior disciplinary actions.

10. On August 25, 2012, while operating a SEPTA bus, an unruly passenger yelled at Plaintiff, "Bitch open the door, I want to get off".  The bus was not at an authorized bus stop and Plaintiff could not stop there.  When Plaintiff later opened the doors for the

passenger to get off, with her hands on the steering while, the passenger violently struck Plaintiff in the face as he hurriedly got off the bus.  In shock, Plaintiff reacted and threw an object at the passenger; but missed hitting him.  Plaintiff picked up the object and threw it at this individual a second time.  Other passengers who witnessed the assault on Plaintiff also came to her aide.  The entire incident lasted eight seconds.

11. In a letter dated September 19, 2012, Defendant terminated Plaintiff's employment based on false allegations that Plaintiff was fighting with a passenger.

12. Plaintiff did not fight with a passenger.  Plaintiff was assaulted by an angry passenger, who violently struck Plaintiff in the face when Plaintiff stopped to let the passenger off the bus.  This assault was also captured on surveillance cameras installed on the bus Plaintiff was operating.

13. Plaintiff was caused to defend herself against an angry and violent passenger, which also resulted in other passengers coming to Plaintiff's aide.

14. Yet, Defendant falsely alleged that Plaintiff was "fighting" with a passenger, when all that Plaintiff did was to react and defend herself against a criminal who assaulted Plaintiff.

15. Prior to this incident, Plaintiff was considered by her supervisors and peers as a model Bus Operator with no prior disciplinary action.

16. Prior to this incident, Defendant never trained Plaintiff on how Plaintiff was to react when confronted with this type of incident where she was assaulted by an angry and unruly passenger.

17. Defendant, however, did not terminate a male Bus Operator, Mr. Kenneth, who had fought with a passenger.

18. During Plaintiff's unemployment benefit hearing on November 15, 2012, Defendant's Senior Director, Dave Rodgers, told the referee that another Bus Operator, Mr. Kenneth, had an altercation with a passenger but he was not terminated.

19. Defendants also have records of other male Bus Operators that engaged in physical altercations with passengers and employees who were not terminated but issued other forms of warnings, training or less disciplinary actions.

20. Yet, at the Union's arbitration grievance hearing relating to Defendant's termination of Plaintiff's employment Defendant admitted that Plaintiff was a victim of an unprovoked assault from a disgruntled passenger which caused Plaintiff shock and pain.

21. Also, Defendant's records noted that the entire incident lasted all of eight seconds.

22. Plaintiff's career as a Bus Operator with Defendant should not be defined by this fleeting instance of an eight-second contact with an unruly passenger.

23. Plaintiff had been a model employee for over six years.  Plaintiff cannot be expected to turn the other cheek when assaulted.  There are times when an employee may well exercise a right to defend herself against an assault by a passenger.  There have been reports of disgruntled passengers going to the extent of shooting bus operators.

24. It is undisputed that Plaintiff was confronted with an unruly and abusive passenger who demanded to be let off her bus at an unauthorized stop. Plaintiff opened the front doors to let the passenger exit. Instead of simply stepping off the bus, the passenger struck Plaintiff in the face. "The blow (as seen on the videotape) was clearly a sucker punch".

25. SEPTA has a practice of discriminatory application of its disciplinary rules on the basis of gender.

26. In another incident, a female bus operator, Christine Smith, who was not involved in an accident, was falsely accused by a male Director of being involved in an accident but failed to report the accident. SEPTA terminated Ms. Smith. Yet, this same supervisor did not terminate the male bus operator who had operated the bus before Ms. Smith, but left the damaged bus unattended before Ms. Smith relieved him, and Ms. Smith noted the damages to the bus she had observed before she operated the bus. Nor was the male operator, who relieved Ms. Smith with the same previously observed damaged bus and who did exactly the same thing Ms. Smith did, terminated by SEPTA.

27. SEPTA has a history of treating male Bus Operators more favorably than female Bus Operators.

V.             STATEMENT OF CLAIM

**COUNT ONE – Title VII VIOLATIONS – Gender Discrimination**

28. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-seven (27) as if the same were fully set forth at length herein.

29. The acts and conduct of the Defendant as stated above where Plaintiff was subjected to disparate treatment because of her gender were violations of the Civil Rights Act, 42 U.S.C. §2000e-1, et seq.

30. As a direct result of the said discriminatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATIONS – Gender Discrimination

31. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty (30) as if the same were fully set forth at length herein.

32. The acts and conduct of the Defendant as stated above where Plaintiff was subjected to gender discrimination by Defendant were violations of the PHRA.

33. As a direct result of the said discriminatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**VI.     PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

  A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

  B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

/s/ Olugbenga O. Abiona
_____
Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated:  November 15, 2013